IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THETA IP, LLC,<br><br>        Plaintiff,<br><br>  v.<br><br>MOTOROLA MOBILITY LLC and<br>LENOVO (UNITED STATES) INC.,<br><br>        Defendants. | Civil Action No.: 1:22-cv-03441<br><br>Hon. Sara L. Ellis<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' MOTION TO STAY PENDING *INTER PARTES* REVIEW**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ...................................................................................................................1

I. BACKGROUND ........................................................................................................2

    A. The IPRs are likely to result in cancellation of some or all asserted claims............2

    B. This case is still at an early stage. ..........................................................................2

II. LEGAL STANDARD.................................................................................................3

III. ARGUMENT..............................................................................................................4

    A. A stay will reduce the burden of litigation on the parties and the Court. ................4

    B. A stay will simplify the issues for the Court and streamline the trial......................5

    C. A stay will not unduly prejudice the Plaintiff..........................................................7

IV. CONCLUSION...........................................................................................................9

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Arrivalstar S.S. v. Canadian Nat. Ry. Co.*,
  No. 08 C 1086, 2008 WL 2940807 (N.D. Ill. July 25, 2008) .................................................6, 8

*Aylus Networks, Inc. v. Apple Inc.*,
  856 F.3d 1353 (Fed. Cir. 2017) ...................................................................................................5

*Black & Decker Inc. v. Positec USA, Inc.*,
  No. 13 C 3075, 2013 WL 5718460 (N.D. Ill. Oct. 1, 2013) ..........................................3, 4, 6, 9

*Emhart Indus., Inc. v. Sankyo Seiki Mfg. Co.*,
  No. 85 C 7565, 1987 WL 6314 (N.D. Ill. Feb. 2, 1987) ..............................................................3

*Gamon Plus, Inc. v. Campbell Soup Co.*,
  No. 1:15-cv-08940, 2018 WL 11471814 (N.D. Ill. Nov. 29, 2018) ..........................................7

*Hengst SE v. Champion Labs., LLC*,
  No. 23 C 794, 2024 WL 5054455 (N.D. Ill. Dec. 10, 2024) .......................................................4

*Ignite USA, LLC v. Pac. Mkt. Int'l, LLC*
  No. 14 C 856, 2014 WL 2505166 (N.D. Ill. May 29, 2014) ......................................................8

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
  No. CV 18-452-WCB, 2019 WL 3943058 (D. Del. Aug. 21, 2019) .........................................3

*Medline Indus., Inc. v. C.R. Bard, Inc.*,
  No. 17 C 7216, 2019 WL 10948865 (N.D. Ill. Sept. 10, 2019) .......................................4, 6, 8

*Oil-Dri Corp. of Am. v. Nestle Purina Petcare Co.*,
  No. 1:15-cv-1067, 2015 WL 13650951 (N.D. Ill. May 5, 2015) ...............................................8

*Parkervision, Inc. v. Vidal*,
  88 F.4th 969 (Fed. Cir. 2023) .....................................................................................................6

*Phillips v. AWH Corp.*,
  415 F.3d 1303 (Fed. Cir. 2005) ...................................................................................................5

*Putco, Inc. v. Carjamz Com Inc.*,
  2021 WL 4926499 (N.D. Ill. Mar. 2, 2021) ................................................................................6

*Think Prods., Inc. v. Acco Brands Corp.*,
  2021 WL 4992534 (N.D. Ill. Aug. 3, 2021) ................................................................................4

**TABLE OF AUTHORITIES (cont'd)**

**Pages**

*T-Rex Prop. AB v. Adaptive Micro Sys., LLC.*,
　2017 WL 372311, No. 16 C 5667, (N.D. Ill. Jan. 26, 2017) .................................................3,7

*VirtualAgility, Inc. v. Salesforce.com, Inc.*,
　759 F.3d 1307 (Fed. Cir. 2014)......................................................................................................8

**Statutes**

35 U.S.C. §314(a) ............................................................................................................2, 5

**INTRODUCTION**

Defendants Motorola Mobility LLC and Lenovo (United States) Inc. (collectively, "Defendants" or "Motorola") previously moved to stay this case based on *inter partes* review ("IPR") petitions **filed** by Apple against all the asserted patents. Dkt. 96. The Court reasoned, however, that because the Patent Trial and Appeal Board ("PTAB") may not grant those petitions, the benefits were not concrete enough to warrant a stay. Dkt. 102 at 2. But, the Court invited Defendants to renew their stay request if the PTAB granted IPR petitions and instituted IPR proceedings. Dkt. 102 at 2. The PTAB has now done so. Dkt. 106 at 2. Therefore, Defendants hereby move to stay this case pending the conclusion of the instituted IPR proceedings against the asserted patents.

Each asserted patent and each asserted claim in this case is now subject to an instituted IPR. In instituting those IPRs, the PTAB found a "reasonable likelihood" that at least some of the asserted claims are invalid. Based on PTAB statistics, these IPRs are indeed highly likely to invalidate the asserted claims and dispose of this litigation in its entirety. At the very least, these IPRs will most likely simplify the issues in this case by invalidating some claims and/or clarifying relevant claim constructions. Therefore, it would be inefficient for the parties and Court to continue expending time and resources on this litigation while the IPRs are pending. Rather, as countless other courts have recognized in this situation, this case is a perfect candidate for a stay pending conclusion of the IPRs. Such a stay would conserve Court and party resources, and, even if some patents or claims survive the PTAB's review, the process would narrow the issues in this litigation. Moreover, by rule, the PTAB will issue its final written decisions in these IPRs in less than a year from now. The benefits of waiting a short time for clarity far outweigh the minimal prejudice that Plaintiff Theta IP, LLC ("Plaintiff" or "Theta") would potentially suffer from the brief stay.

I.     BACKGROUND

     A.     **The IPRs are likely to result in cancellation of some or all asserted claims.**

Each asserted patent and each asserted claim in this case is now subject to an instituted IPR. Exs. 1-3; Dkt. 106 at 2. Those IPRs are expected to conclude by November 26, 2025—*i.e.*, around the same time Plaintiff's proposed amended schedule calls for a *Markman* hearing on claim construction issues, and well before trial could occur. Dkt. 106 at 5.

The IPRs are likely to result in the PTAB cancelling some, if not all, of the asserted claims in this case because they are invalid in light of the prior art asserted in the IPR petitions. Indeed, the statutory threshold for institution of an IPR requires that the PTAB find a "reasonable likelihood" that the petitioner, Apple, will prevail in invalidating at least one claim of each of the challenged patents. 35 U.S.C. §314(a). And the most recent PTAB statistics show that, between October 1, 2023 and September 30, 2024, among petitions that reached a final written decision, more than 84% of those decisions found at least one claim unpatentable, and 70% found all claims unpatentable. Ex. 4 at 10. Thus, it is exceedingly likely that the PTAB will find some, if not all, of Plaintiff's asserted claims invalid here.

Every claim asserted here against Defendants is subject to the IPR proceedings. Dkt. 106 at 2. If all of those claims are invalidated, it will dispose of this litigation. Even if only some of those claims are invalidated, it will narrow the scope of Plaintiff's infringement allegations and the issues to be decided by this Court.

     B.     **This case is still at an early stage.**

This case is at an early stage, and Plaintiff itself recently sought extensions that would introduce further delay. Dkt. 106 at 4-5. For example, no depositions have been noticed or taken. Dkt. 106 at 4. Third-party discovery is still not complete, and Plaintiff claims that discovery regarding third-party MediaTek's components is "well short of substantial completion." Dkt. 106

2

at 4. The parties have not served final contentions. Dkt. 106 at 4-5. Claim construction briefing has not begun. Dkt. 106 at 5. Expert discovery has not yet been scheduled or begun. Dkt. 106 at 5. A dispositive motions deadline has not been entered, and briefing has not begun. Dkt. 106 at 5. The trial date is not set. Dkt. 106 at 5. Plaintiff also recently requested a 70-day extension of all deadlines, noting that without the delay, "[Plaintiff] cannot fully prepare contentions for certain accused products." Dkt. 106 at 4. In short, the case is in its infancy.

## II. LEGAL STANDARD

There is a "liberal policy" in favor of granting stays pending post-grant review procedures such as IPRs. See *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. CV 18-452-WCB, 2019 WL 3943058, at *4 (D. Del. Aug. 21, 2019) (analyzing legislative history and collecting cases); *Emhart Indus., Inc. v. Sankyo Seiki Mfg. Co.*, No. 85 C 7565, 1987 WL 6314, at *2 (N.D. Ill. Feb. 2, 1987) (finding, in discussion of IPR predecessor, that "Congress stated its approval of district courts liberally granting stays within their discretion").

The factors considered in deciding motions to stay pending IPR are whether a stay will: (1) reduce the burden of the litigation on the parties and the court, (2) simplify the issues in question and streamline the trial, and (3) unduly prejudice or tactically disadvantage the non-moving party. *See, e.g., Black & Decker Inc. v. Positec USA, Inc.*, No. 13 C 3075, 2013 WL 5718460, at *1 (N.D. Ill. Oct. 1, 2013).

Courts routinely grant stays based on instituted IPRs, regardless of whether the IPR petitioner is a party to the stayed litigation. *See, e.g., T-Rex Prop. AB v. Adaptive Micro Sys., LLC*, 2017 WL 372311, at *1, No. 16 C 5667, (N.D. Ill. Jan. 26, 2017) (granting pre-institution stay based on IPR petitions filed by a non-party).

### III. ARGUMENT

In light of the IPR proceedings instituted against all of the asserted patents and all of the asserted claims, each of the three factors—reducing the burden of litigation, simplifying the issues, and ensuring no undue prejudice to the plaintiff—favors a stay.

#### A. A stay will reduce the burden of litigation on the parties and the Court.

A stay pending the instituted IPR proceedings will reduce the burden of this litigation on the parties and the Court. Courts in this District regularly find that a stay pending instituted IPRs will reduce the burden of litigation, because the IPR is likely to invalidate claims at issue in the litigation. *See, e.g., Hengst SE v. Champion Labs., LLC,* No. 23 C 794, 2024 WL 5054455, at *3 (N.D. Ill. Dec. 10, 2024) ("If the IPR results in cancellation of all or some of Hengst's claims, those claims would no longer be at issue and would not be subject to expert discovery or a trial."); *Think Prods., Inc. v. Acco Brands Corp.*, 2021 WL 4992534, at *4 (N.D. Ill. Aug. 3, 2021) ("[H]istory lends weight to Defendant's argument that reexamination is likely to eliminate at least some of the claims in the patents at issue, leaving fewer matters for the Court to resolve."); *Black & Decker Inc. v. Positec USA, Inc.*, 2013 WL 5718460, at *1 (N.D. Ill. Oct. 1, 2013) ("As to the first and third factors, a stay at this early stage of the litigation could significantly limit litigation expenses and streamline the proceedings, particularly should the PTO invalidate the claim at issue.").

Invalidation of asserted claims based on an instituted IPR petition is highly probable, not just remotely possible. In fact, the PTAB's own statistics from its most recent Fiscal Year 2024 Outcome Roundup indicate that more than 80% of final written decisions invalidated at least one challenged claim, and 70% of final written decisions invalidated all challenged claims. Ex. 4 at 10. Courts in this District have relied on those statistics to find that a stay pending instituted IPR proceedings would likely reduce the burden of litigation. *See, e.g., Medline Indus., Inc. v. C.R.*

*Bard, Inc.*, No. 17 C 7216, 2019 WL 10948865, at *3 (N.D. Ill. Sept. 10, 2019) ("Given the statistical record of the PTAB … it is more likely than not that the PTAB will cancel at least one of Medline's claims."). These statistics comport with the PTAB's statutory mandate to institute IPRs only where there is a "reasonable likelihood" that the petitioner will prevail in invalidating at least one of the challenged patent claims. 35 U.S.C. §314(a).

In ruling on Defendants' prior motion to stay, the Court found that this factor weighed against a stay "because the PTAB has not yet decided whether to grant Apple's IPR request," and "[w]ithout an instituted IPR as to the '330 Patent or reason to believe one will materialize, the Court does not find that another stay at this time would simplify the proceedings or reduce the burden of litigation on the parties and the Court." Dkt. 102 at 2. But now the PTAB has instituted an IPR on every asserted patent and every asserted claim. *See* Exs. 1-3. A stay pending those instituted IPRs would therefore ensure that the parties and Court do not continue to engage in costly and time-consuming litigation regarding issues that will likely be mooted when the PTAB issues its final written decision, reducing the burden of litigation for the parties and the Court.

**B.  A stay will simplify the issues for the Court and streamline the trial.**

A stay pending the instituted IPRs would also simplify the issues for the Court, including claim construction, non-infringement, and invalidity, and thereby streamline the trial.

For example, a stay pending the IPRs would simplify claim construction because the IPR proceedings are a part of the patent's intrinsic record. *See, e.g., Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1359 (Fed. Cir. 2017) (patent owner statements during IPR can create prosecution disclaimer because such a rule "promote[s] the public notice function of the intrinsic evidence"). The intrinsic record, in turn, is the most relevant evidence for claim construction. *See, e.g., Phillips v. AWH Corp.*, 415 F.3d 1303, 1317 (Fed. Cir. 2005) ("However, while extrinsic evidence can shed useful light on the relevant art, we have explained that it is less significant than the intrinsic

5

record in determining the legally operative meaning of claim language.") (quotations omitted). Therefore, it would be inefficient for this Court to decide claim construction before the IPRs conclude and the intrinsic record—the key evidence for that issue—is set. Indeed, the PTAB itself may construe claim terms during IPR, even after institution. *See, e.g., Parkervision, Inc. v. Vidal*, 88 F.4th 969, 980 (Fed. Cir. 2023) (affirming PTAB claim construction from final written decision). Without a stay, the Court and the PTAB could reach inconsistent claim constructions, confusing, rather than simplifying, the issues. *See, e.g., id.* (affirming PTAB construction and finding conflicting district court construction not persuasive).

Even more fundamentally, however, a stay is sensible because the IPR proceedings could dispose of this case entirely, obviating the need for this Court or a jury to decide any issues. In particular, every asserted claim of every asserted patent is subject to IPR, and PTAB statistics show that 70% of final written decisions in IPRs invalidate all challenged claims. Ex 4 at 10. Therefore, there is a great chance that the IPR proceedings could dispose of the entirety of this case. Even if only some of the claims are invalidated, that would moot the infringement and invalidity analysis for each of those claims, also simplifying this case and streamlining a trial.

The high likelihood that a stay pending IPRs will simplify the issues is widely accepted by courts across this District. *See, e.g., Putco, Inc. v. Carjamz Com Inc.*, 2021 WL 4926499, at *1 (N.D. Ill. Mar. 2, 2021) (granting stay pending IPR petitions and finding simplification factor favored stay); *Medline*, 2015 WL 13955997, at *1 (same); *Black & Decker Inc. v. Positec USA, Inc.*, 2013 WL 5718460 (N.D. Ill. Oct. 1, 2013) (same); *Arrivalstar S.S. v. Canadian Nat. Ry. Co.*, No. 08 C 1086, 2008 WL 2940807, at *2 (N.D. Ill. July 25, 2008) (granting stay pending re-examination under IPR predecessor and finding that "a stay very well may simplify the litigation

by awaiting the application of the PTO's expertise to the patents-in-issue-regardless of the PTO's ultimate rulings").

Finally, although this Court previously found that a stay would not necessarily simplify issues, that was when IPRs were not yet instituted. Dkt. 102 at 2. Now that IPRs have been instituted, a stay pending the outcome of those proceedings would simplify the issues for the Court and streamline any future trial.

### C. A stay will not unduly prejudice the Plaintiff.

A stay pending the IPR proceedings would not unduly prejudice Plaintiff. The facts surrounding prejudice have not changed since August 2023, when the Court first granted a stay. Dkt. 64. The Court found no undue prejudice then, and no undue prejudice exists now, especially when Plaintiff itself recently sought to significantly delay the currently-ordered schedule.

Three facts most clearly show that Plaintiff would suffer no prejudice—much less undue prejudice—from the brief stay requested here pending the instituted IPRs: 1) Plaintiff does not compete with Defendants; 2) Plaintiff never sought preliminary injunctive relief; and 3) Plaintiff delayed years before filing this case and recently asked the Court for more delay.

*First,* it is undisputed that Plaintiff and Defendants are not competitors, so there can be no loss of Plaintiff's market share or erosion of Plaintiff's goodwill—*i.e.,* actual prejudice—from a stay. Courts in this District have found that, where the parties do not compete, a stay pending IPRs would not prejudice the plaintiff. *See, e.g., Gamon Plus, Inc. v. Campbell Soup Co.*, No. 1:15-cv-08940, 2018 WL 11471814, at *2 (N.D. Ill. Nov. 29, 2018) (denying motion to lift stay in part because Plaintiff was not a competitor); *T-Rex Prop. AB*, 2017 WL 372311, at *4 (finding stay appropriate where "the parties are not competitors such that a delay will unduly prejudice [Plaintiff]").

7

***Second,*** Plaintiff does not seek preliminary injunctive relief. Dkt. 49 at 5-7. The Federal Circuit and courts in this District have found this also undercuts any argument that Plaintiff will suffer undue prejudice from a stay. *See, e.g.*, *VirtualAgility, Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1320 (Fed. Cir. 2014) (finding that failing to seek preliminary injunction "weigh[ed] against [Plaintiff's] claims it will be unduly prejudiced by a stay"); *Medline*, 2015 WL 13955997, at *1 ("[Plaintiff] has not sought a preliminary injunction in this litigation, which suggests that any prejudice to [Plaintiff] that might result from delaying the ultimate resolution of this dispute is not as severe as it now contends."). If Plaintiff prevails, money damages would compensate for any additional harm caused by the stay. *Arrivalstar*, 2008 WL 2940807, at *2 (finding "no risk of … pecuniary prejudice" from a stay since interest would accrue).

***Third,*** after purportedly contacting Defendants about the need to license one of the asserted patents in 2007, Plaintiff waited nearly 15 years before filing this litigation. Dkt. 1 at ¶ 52 (alleging Plaintiff first contacted Motorola regarding licensing the '330 patent in 2007). Thus, Plaintiff would not suffer undue prejudice from a less-than-1-year stay now. *See Oil-Dri Corp. of Am. v. Nestle Purina Petcare Co.*, No. 1:15-cv-1067, 2015 WL 13650951, at *2 (N.D. Ill. May 5, 2015) (holding that plaintiff would not suffer undue prejudice from a stay due to its multiyear delay in filing suit); *see also Ignite USA, LLC v. Pac. Mkt. Int'l, LLC*, No. 14 C 856, 2014 WL 2505166, at *3 (N.D. Ill. May 29, 2014) (finding no prejudice based on a two-year delay in filing suit). Indeed, it is Plaintiff, not Defendants, who recently sought to further extend the schedule in this case. Dkt. 106 at 5. The Court should not permit Plaintiff to advocate for that delay on the one hand, while at the same time arguing it would be unduly prejudiced by the delay from a short stay while the IPRs play out.

8

Plaintiff previously argued that any delay is, in and of itself, prejudicial. Dkt. 100 at 10-11. But the law is clearly to the contrary—"[d]elay in itself … does not constitute undue prejudice." *Black & Decker Inc. v. Positec USA, Inc.*, 2013 WL 5718460, at *2 (N.D. Ill. Oct. 1, 2013). That rings especially true in this case, where Plaintiff is already advocating for delay in its recent scheduling proposal. Dkt. 106 at 5. And there is no gamesmanship here either—Defendants are filing this brief and renewing their request for a stay shortly after Apple's IPRs were instituted and well before any subsequent major deadlines in this case. *See, e.g,* Dkt. 106 at 5.

In short, all of the asserted patents are subject to a parallel IPR that will likely invalidate some, if not all, of the asserted claims. Waiting for the outcome of those IPR proceedings before continuing this case would likely reduce the burden of litigation on the parties, simplify the issues that the Court must resolve, and not unduly prejudice the Plaintiff.

## IV.   CONCLUSION

For the foregoing reasons, Motorola respectfully requests the Court stay this case pending the outcome of Apple's IPRs against the asserted patents. Because the PTAB is expected to make those decisions by November 26, 2025, Defendants request that the Court stay this case and order the parties to submit a Joint Status Report within 7 days after the PTAB issues its Final Written Decisions in the pending IPRs or those IPRs otherwise conclude, which: (1) informs the Court of the action taken by the PTAB in the pending IPRs, and (2) proposes how the case should proceed, including whether the stay should be lifted.

Dated: January 2, 2025          By:    */s/ Olivia Buk Bedi*

Olivia Bedi (IL Bar No. 6288365)
Michael H. Fleck (IL Bar No. 6305929)
Edgar Matias (IL Bar No. 6336336)
RILEY SAFER HOLMES & CANCILIA LLP
One South Dearborn Street, Suite 2200
Chicago, Illinois 60603
Telephone: (312) 471-8700
Facsimile: (312) 471-8701
Email: obedi@rshc-law.com
mfleck@rshc-law.com
ematias@rshc-law.com

Justin P.D. Wilcox *(pro hac vice pending)*
David J. Shaw *(pro hac vice pending)*
DESMARAIS LLP
1899 Pennsylvania Avenue NW
Suite 400
Washington, DC 20006
Telephone: 202-451-4900
Facsimile: 202-451-4901
Email: jwilcox@desmaraisllp.com
dshaw@desmaraisllp.com

*Attorneys for Defendants Motorola Mobility LLC and Lenovo (United States) Inc.*

**CERTIFICATE OF SERVICE**

I certify that on January 2, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF electronic filing system, which will send a notice of electronic filing to counsel of record.

_____
Olivia Bedi