IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THETA IP, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>MOTOROLA MOBILITY LLC; and LENOVO (UNITED STATES) INC.,<br><br>    Defendants. | Civil Action No.: 1:22-cv-03441<br><br>Hon. Sara L. Ellis<br><br>**JURY TRIAL DEMANDED** |

**JOINT STATUS REPORT**

Pursuant to the Court's Order dated December 13, 2024 (Dkt. 107), Plaintiff Theta IP, LLC ("Theta" or "Plaintiff") and Defendants Motorola Mobility LLC and Lenovo (United States) Inc. (together, "Defendants") (Plaintiff and Defendants collectively, the "Parties") respectfully submit this report on the status of *inter partes* review ("IPR") proceedings against U.S. Patent Nos. 7,010,330, 10,129,825, and 10,524,202 (together, the "Asserted Patents") (Section B below), the ongoing party and third-party discovery (Section C below), and a proposed revised case management schedule (Section D below).

    A.    **DEFENDANTS' CHANGE OF COUNSEL**

Desmarais LLP and Riley Safe Holmes & Cancila LLP have replaced Sidley Austin LLP as counsel for the Defendants in this case, and have begun filing corresponding notices of attorney appearances and *pro hac vice* motions as necessary.

    B.    **STATUS OF *INTER PARTES* REVIEW PROCEEDINGS**

The Parties previously submitted status reports (Dkt. 66 at 1-2; Dkt. 103 at 1-3, Dkt. 106 at 1-2) on Defendants' three IPR petitions challenging the Asserted Patents. After the June 25,

1

2024 report (Dkt. 103), the Board issued Final Written Decisions upholding all challenged claims in IPR2023-00697 and IPR2023-00698. Defendants did not seek reconsideration. After the December 12, 2024 report (Dkt. 106), the deadline for Defendants to appeal the Board's decisions passed on December 18, 2024. The status of the Board's decisions on Defendants' three IPRs are set forth below:

| IPR Petition | Patent | Asserted Claims | Challenged Claims | Status |
|---|---|---|---|---|
| IPR2023-00694 | 7,010,330 | 1, 23, 29 | 1, 23, 29, 30 | Denied Institution |
| IPR2023-00697 | 10,129,825 | 3, 4, 8 | 1, 3, 4, 8 | All Claims Upheld |
| IPR2023-00698 | 10,524,202 | 7-11, 13 | 7-11, 13, 19-21 | All Claims Upheld |

As discussed in the prior status reports, in separate litigation in the Western District of Texas against Apple, captioned *Theta IP, LLC v. Apple Inc.*, No. 6:23-cv-00314-ADA (W.D. Tex.) ("Theta v. Apple"), Apple filed five IPRs challenging claims of the patents asserted in *Theta v. Apple*, including all asserted claims of the three Asserted Patents in this case. Apple's IPRs are based on different prior art than were Defendants' IPRs. As noted in the prior report (Dkt. 106), the Board has decided to institute proceedings in those IPRs. Those proceedings are expected to complete via Final Written Decision by one year from the institution date—that is, by November 26, 2025. Defendants have filed a motion before this Court to stay this litigation based on these now-instituted proceedings. (Dkt. 114.) Theta opposes and will file a brief explaining its reasons for doing so. The status of Apple's five IPRs are set forth below:

2

| Apple IPR Petition | Patent | Challenged Claims | Claims Also Asserted Here | Institution Status |
|---|---|---|---|---|
| IPR2024-00816 | 7,010,330 | 1-7, 9-13, 16, 23, 25, 26, 28-29 | 1, 23, 29 | Granted |
| IPR2024-00817 | 10,129,825 | 1-8 | 3, 4, 8 | Granted |
| IPR2024-00818 | 10,524,202 | 1, 2, 4-23 | 7-11, 13 | Granted |
| IPR2024-00819 | 11,564,164 | 1-20 | none | Granted |
| IPR2024-00820 | 11,638,210 | 1-3, 5-6, 8-11 | none | Granted |

C.   STATUS OF DISCOVERY

1.   **Theta's statement concerning discovery**

Since the June 25, 2024 status report (Dkt. 103), Theta has continued to correspond extensively with third-party Qualcomm about discovery pursuant to its subpoena in this case. Theta has obtained production of many hundreds of technical documents, and access to hundreds of thousands of pages of source code and circuit schematics for Qualcomm components used in the Accused Products. Theta believes the parties now have access to sufficient material to proceed regarding Accused Products with Qualcomm chipsets.

Theta has also communicated repeatedly with counsel for third party MediaTek about discovery pursuant to its subpoena in this case, seeking discovery about components used in *other* of the Accused Products. Theta has also conferred with counsel for Defendants about production of materials that may be in their possession and/or obtainable by Defendants with MediaTek's approval. Defendants have agreed to pursue some limited measures to obtain and produce such material, but have not yet done so. MediaTek has repeatedly promised to respond, and then has not done so until once again prompted.

3

Theta believes that judicial intervention may be required to help obtain these materials, that is has been diligent throughout this case, and that it should not be blamed for the disregard and delay of Defendants or other parties with respect to their ordinary and clearly articulated discovery obligations.

### 2. Defendants' statement concerning discovery

As noted above, the Patent Office Patent Trial and Appeal Board recently instituted IPR proceedings on all claims that Theta has asserted in this case. Defendants have moved to stay all deadlines pending final decisions by the Board in these IPRs. (Dkt. 114.) These decisions, as the Court is aware, could invalidate all asserted claims. A stay would thus preserve valuable judicial resources and third-party and party resources as well. At a minimum, the state of discovery supports Defendants' stay request. As Theta admits, discovery from third-parties remains far from complete. Theta claims that it has "access" to significant source code and circuit schematics from Qualcomm. To Defendants' knowledge, Theta has printed only one tranche of Qualcomm source code to date (in February 2024) and has not obtained a single document from third-party MediaTek. Theta is also incorrect in suggesting that Defendants' discovery responses to date are deficient or the cause of any delay. Further, the Parties have noticed no depositions. And it is Theta (the party that opposes Defendants' requested stay pending conclusion of the IPRs) that seeks an extension of all case deadlines to pursue discovery efforts that it should have pursued months ago.

### D. PROPOSED MODIFICATIONS TO CASE SCHEDULE

*Theta's Position.* Theta respectfully requests the Court extend all case deadlines by 70 days to promote judicial economy and an orderly patent contentions process. Despite Theta's pursuit of discovery from and about third-party MediaTek, discovery regarding components of accused devices remains well short of substantial completion for at least third party MediaTek, and it would be inefficient to proceed with infringement and non-infringement contentions before

4

substantial production of this technical information. Without it, Theta cannot fully prepare contentions for certain accused products. The requested extension would allow third parties more time to respond to subpoenas, and for motions to compel to be prepared, conferred over, and filed.

Theta opposes Defendant's motion to stay so that discovery can complete without further pause—and objects to Defendants' pre-argument of this motion above, before Theta has had a chance to prepare a brief in opposition. Theta's proposal for the case schedule is below.

*Defendants' Position.* Defendants do not oppose Theta's proposed extension solely to minimize disputes before the Court and without prejudice to Defendants' motion to stay. Theta's delay has caused the purported discovery deficiencies that Theta identified above. For example, Theta subpoenaed third-party MediaTek in March 2023 (Dkt. 41), at this point, 20-plus months later, discovery from MediaTek should not remain well short of "substantial completion."

| Event | Current Deadline | Plaintiff's Proposed Dates |
|---|---|---|
| Plaintiff's final infringement contentions | 12/5/2024 | 2/13/2025 |
| Defendants' final unenforceability and invalidity contentions | 1/23/2025 | 4/3/2025 |
| Defendants' final non-infringement contentions | 2/6/2025 | 4/17/2025 |
| Plaintiff's final enforceability and validity contentions | 2/20/2025 | 5/1/2025 |
| Exchange of proposed terms | 3/06/2025 | 5/15/2025 |
| Meet and confer on proposed terms | 3/13/2025 | 5/22/2025 |
| Close of fact discovery | 3/27/2025 | 6/5/2025 |
| Opening claim construction brief | 4/10/2025 | 6/19/2025 |
| Responsive claim construction brief | 5/8/2025 | 7/17/2025 |
| Reply claim construction brief | 5/22/2025 | 7/31/2025 |
| Joint claim construction chart | 5/29/2025 | 8/7/2025 |
| *Markman* hearing | June 30, 2025 at 10:00 am | At the Court's convenience |

Date: January 3, 2025                                             Respectfully submitted,

/s/ Corey Johanningmeier                                          /s/ David Shaw

Denise M. De Mory (*pro hac vice* to be filed)                    Justin Wilcox (*pro hac vice* pending)
California State Bar No. 168076                                   David Shaw (*pro hac vice* pending)
Corey Johanningmeier (*pro hac vice*)                             DESMARAIS LLP
BUNSOW DE MORY LLP                                                1899 Pennsylvania Avenue NW
701 El Camino Real                                                Suite 400
Redwood City, CA 94063                                            Washington, DC 20006
Telephone: (650) 351-7241                                         Telephone: (202) 451-4900
Facsimile: (415) 426-4744                                         Facsimile:  (202) 451-4901
ddemory@bdiplaw.com                                               jwilcox@desmaraisllp.com
cjohanningmeier@bdiplaw.com                                       dshaw@desmaraisllp.com

Nicole E. Kopinski                                                Olivia Luk Bedi
LEYDIG, VOIT & MAYER, LTD.                                        Edgar Matias
Two Prudential Plaza, Suite 4900                                  Riley Safer Holmes & Cancila LLP
180 North Stetson Avenue                                          1 S. Dearborn Street
Chicago, IL 60601                                                 Suite 2200
Telephone: (312) 616-5600                                         Chicago, IL 60601
Facsimile: (312) 616-5700                                         Telephone:  (312) 471-8700
nkopinski@leydig.com                                              Facsimile:  (312) 471-8701
                                                                  obedi@rshc-law.com
*Attorneys for Plaintiff, Theta IP, LLC*                          ematias@rshc-law.com

*Counsel for Defendants,*
*Motorola Mobility LLC and*
*Lenovo (United States) Inc*.

6

**CERTIFICATE OF SERVICE**

  I, hereby certify that on January 3, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF electronic filing system, which will send a notice of electronic filing to counsel of record.

                 */s/ Nicole E. Kopinski*
                 Nicole E. Kopinski